UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMETRA PHILLIPS, *et al.*, | ) | CASE NO. 4:15-cv-1365 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| LORAIN COUNTY CHILDREN | ) | |
| SERVICES, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiffs Lametra Phillips and Marcus Ramos have filed this federal action against Lorain County Children Services and Franklin County Children Services, seeking monetary damages "in the amount of $800,000 apiece." (Doc. No. 1 ["Compl."] at 2.) The alleged basis for their complaint is that the county child services agencies "did money laundering over an infant child that had left Franklin County with [the child's] mother over a domestic dispute on February 11, 2014[.]" Although their complaint is unclear, plaintiffs appear to challenge a case opened "against the parents" of the child in the "Franklin County Juvenile Courts," as well as actions of the county child service agencies in returning the child to Franklin County. The plaintiffs state they are "seeking charges to be pressed against Lorain County Children Services for, intervening in [the] case, Kidnapping[,]" and charges against Franklin County Children Services for "Involuntary Kidnapping and also illegally money laundering with another county." (*Id*.).

For the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires a federal district court to dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); se*e also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

**A. Discussion**

While federal courts are generally required to read *pro se* complaints indulgently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see *Hill,* 630 F.3d at 471 (citing *Wolfson v. Carlucci,* 232 F. App'x 849, 850 n. 1 (10th Cir. 2007) (applying *Twombly* 's dismissal standard to dismissals under § 1915(e)(2)(B)(ii)); *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Rule 12(b)(6) standards in reviewing dismissals under § 1915(e)(2)(B)(ii))).

Plaintiffs' allegations, even liberally construed, do not support a plausible federal claim. First, the complaint on its face does not allege a federal claim. The complaint does not refer to any federal law, statute, or constitutional provision, whatsoever. Rather, the only discernible legal claims the plaintiffs allege in their complaint are for "kidnapping" and "money laundering" against the county child services agencies. However, kidnapping and money laundering are crimes that do not support a cognizable private right of action. *See Sefa v. Commonwealth of Kentucky, Cabinet for Health & Family Srvs.*, 510 F. App'x 435 (6th Cir. 2013) (affirming dismissal of civil rights action alleging that the Kentucky Cabinet for Health and Family Services kidnapped the plaintiff's niece and nephew in connection with state court action for neglect).

Further, the Sixth Circuit has made clear that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (citing *In re Burrus*, 136 U.S. 586, 593–94, 10 S. Ct. 850, 34 L. Ed. 500 (1890)). Thus, to the extent the plaintiffs seek to collaterally attack a state court decision determining the proper custody of an infant child, the plaintiffs have not stated a claim that is cognizable in federal court. *See Sefa*, 510 F. App'x at 438-39 ("[T]o the extent Sefa seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims 'constitute collateral attacks on the state court judgments . . . properly excluded from consideration by the [district] court[].'") (alteration in original).

3

**B. Conclusion**

For the foregoing reasons, plaintiffs' complaint fails to state a cognizable federal claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The plaintiffs' motion to proceed *in forma pauperis* is granted. (Doc. No. 2.).

This case is closed.

**IT IS SO ORDERED**.

Dated: November 4, 2015

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**